IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

NANCY HOLMES,

                Plaintiff,

    v.

DLJ MORTGAGE CAPITAL, INC.;
COUNTRYWIDE HOME LOANS; BANK OF
AMERICA, N.A.; CREDIT SUISSE FIRST
BOSTON MORTGAGE SECURITIES
CORPORATION; DLJ MORTGAGE
CAPITAL, INC., and GREENPOINT
MORTGAGE FUNDING, INC.; CSMC
MORTGAGE BACKED TRUST 2007-1; US
BANK, N.A.; MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC. ("MERS");
WELLS FARGO BANK, N.A.;
HOMECOMINGS FINANCIAL; HOME
CAPITAL FUNDING; and ALL PERSONS
CLAIMING, BY, THROUGH OR UNDER
SUCH PERSON, ALL PERSONS
UNKNOWN, CLAIMING ANY LEGAL OR
EQUITABLE TITLE ESTATE, LIEN OR
INTEREST IN THE PROPERTY
DESCRIBED IN THE COMPLAINT
ADVERSE TO PLAINTIFF'S TITLE
THERETO; and DOES 1 to 20, Inclusive,

No. 3:12-cv-01370-HZ

OPINION & ORDER

                    Defendants.

Nancy Holmes
9502 Southwest Corbett Lane
Portland, OR 97219

          Pro Se Plaintiff

Kristen L. Tranetzki
LANE POWELL, PC
601 SW Second Avenue, Ste 2100
Portland, OR 97204-3158

          Attorney for Bank of America, N.A. and Countrywide Home Loans

HERNANDEZ, District Judge:

          Now before me is a motion to dismiss[1] (doc. #31) and a request for judicial notice (doc.

#33) filed by Bank of America, N.A. ("BANA") and Countrywide Home Loans ("Countrywide")

(collectively, "Defendants")[2].  For the reasons that follow, Defendants' motion to dismiss is

GRANTED and request for judicial notice is DENIED as moot.

                              **BACKGROUND**

          This action arises out of property (the "Property") allegedly owned by Nancy Holmes

("Plaintiff") located at 9502 Southwest Corbett Lane, Portland, Oregon 97219.  Compl., ¶¶ 1, 12.

Plaintiff alleges that defendants "unlawfully sold, assigned and/or transferred their ownership

and security interest in a Promissory Note and mortgage related to the Property" and "seeks

---

[1] Although Defendants' motion to dismiss seeks dismissal of Plaintiff's claims for lack of subject
matter jurisdiction pursuant to rules 12(b)(1) and 12(h)(3) of the Federal Rules of Civil
Procedure ("Rule"), their briefs explicitly seek dismissal under Rule 12(b)(6) for failure to state a
claim.  See Mot. to Dismiss, pp. 1-2; Mem. in Supp. of Mot. to Dismiss ("Mem. in Supp."), pp.
2, 4, 5; Reply, pp. 2-3.  Because Plaintiff responds that her claims should not be dismissed
pursuant to Rule 12(b)(6) and because Defendants expressly argue that Plaintiff's claims should
be dismissed pursuant to Rule 12(b)(6), I construe the motion to dismiss as one brought pursuant
to Rule 12(b)(6).
[2] After Defendants filed their motion to dismiss, Plaintiff agreed to dismiss her claims against
Countrywide.

redress from [d]efendants . . . for damages, for other injunctive relief, and for cancellation or

nullification of the Deeds of Trust and/or liens or mortgages on title". Id., ¶¶ 2, 28.  Plaintiff

claims wrongful foreclosure, fraud, violations of the Real Estate and Settlement Procedures Act

("RESPA"), 12 U.S.C. § 2601, et seq., violations of the Federal Reserve Regulation X, 24 C.F.R.

§ 3500 et seq., and violations of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1641(g).

Compl., ¶¶ 55-78, 94-112.  Plaintiff seeks, among other things, to quiet title to the Property and a

"determination of whether a foreclosure sale was valid and whether the title to the property

should be returned to Plaintiff free of encumbrance or lien . . . ." Id., ¶¶ 79-85, 93.

## STANDARD

Dismissal pursuant to Rule 12(b)(6) requires a court to determine "whether the

complaint's factual allegations, together with all reasonable inferences, state a plausible claim for

relief." Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys. Inc., 637 F.3d 1047, 1054 (9th Cir.

2011) (citing Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009)).  "A claim has facial

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949

(citation omitted).  When determining the sufficiency of a claim, a court must "accept factual

allegations in the complaint as true and construe the pleadings in the light most favorable to the

non-moving party." Fayer v. Vaughn, 649 F.3d 1061, 1064 (9th Cir. 2011) (citation and internal

quotation marks omitted).  The court, however, need "not assume the truth of legal conclusions

merely because they are cast in the form of factual allegations." Id.  "[C]onclusory allegations of

law and unwarranted inferences are insufficient to defeat a motion to dismiss." Id.; see also

Iqbal, 129 S. Ct. at 1949 ("A pleading that offers labels and conclusions or a formulaic recitation

of the elements of a cause of action will not do.") (Citations and internal quotation marks omitted).

Allegations of pro se plaintiffs are held to "less stringent standards than formal pleadings drafted by lawyers". Haines v. Kerner, 92 S.Ct. 594, 596 (1972) (citation omitted). "Leave to amend should be granted unless the pleading could not possibly be cured by the allegation of other facts, and should be granted more liberally to pro se plaintiffs." McQuillion v. Schwarzenegger, 369 F.3d 1091, 1099 (9th Cir. 2004) (citations and quotation marks omitted).

## DISCUSSION

### I. Motion to Dismiss

Defendants argue that Plaintiff fails to allege a single action against it and therefore seeks dismissal of Plaintiff's claims pursuant to Rule 12(b)(6). Plaintiff responds by repeating the allegations in her complaint. The problem with Plaintiff's response, and moreover, her complaint is that both are devoid of any factual allegations specific to Defendants. Because Plaintiff's complaint lacks specific factual allegations sufficient to support her claims against Defendants, Plaintiff's claims must be dismissed with leave to amend. See Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000) ("a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts") (citation and internal quotation marks omitted); see also Ramirez v. Galaza, 334 F.3d 850, 861 (9th Cir. 2003) (leave to amend "should be granted more liberally to pro se plaintiffs") (citation omitted).

### II. Request for Judicial Notice

Defendants request that this Court take judicial notice or incorporate by reference the September 20, 2006, Deed of Trust executed by Plaintiff relating to the Property and recorded in

the Multnomah County Recorder's Office on September 28, 2006.[3]  Courts "may judicially

notice a fact that is not subject to reasonable dispute" where it "(1) is generally known within the

trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources

whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b)(1)-(2).  A court may

also consider "documents whose contents are alleged in a complaint and whose authenticity no

party questions, but which are not physically attached to the pleading".  Fecht v. Price Co., 70

F.3d 1078, 1080 n.1 (9th Cir. 1995) (citation and internal quotation marks omitted).  "Such

consideration does not convert the motion to dismiss into a motion for summary judgment."  Id.

The Deed of Trust submitted by Defendants is not relevant to my determination of

whether or not Defendants' motion to dismiss is proper and accordingly, Defendants' request for

judicial notice is DENIED as moot.

## CONCLUSION

For the reasons stated above, Defendants' motion to dismiss (doc. #31) is GRANTED

and request for judicial notice (doc. #33) is DENIED as moot.  Oral argument is unnecessary.

IT IS SO ORDERED.

Dated this 27 day of Oct. , 2012.

_Marco Hernandez_

MARCO A. HERNANDEZ
United States District Judge

---

[3] The Deed of Trust does not name either BANA or Countrywide as the lender or trustee, or otherwise name Defendants as parties to the trust deed.