IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON

NANCY HOLMES,

        Plaintiff,        3:12-cv-1370-PA

                              **ORDER**

    v.

WELLS FARGO BANK, N.A. AS
TRUSTEE FOR THE HVMLT 2006-12
TRUST, et al.,

        Defendants.

**PANNER, J.**

    Plaintiff Nancy Holmes, proceeding *pro se*, brings this action for quiet title, wrongful foreclosure, declaratory relief, and fraud. Defendants move to dismiss. For the reasons, stated below, defendants' motions are GRANTED.

                            **BACKGROUND**

    Plaintiff obtained a loan, secured by a deed of trust, from Home Capital Funding. Mortgage Electronic Registration Systems, Inc. (MERS) was listed as the beneficiary on the deed of trust. Plaintiff's loan was bundled with other loans and placed in a

1 - ORDER

securitized trust pursuant to a Pooling and Servicing Agreement (PSA). Under the terms of the PSA, Wells Fargo Bank, NA is the trustee of the trust, authorized to act on behalf of the certificate holders. Select Portfolio Servicing, Inc. services plaintiff's loan. The "servicer" is the party authorized by the holder of the note to - amongst other responsibilities - receive payments and make distributions to the noteholder(s).

Plaintiff stopped making payments on the note. Plaintiff filed a complaint raising various claims generally challenging the securitizaion process, whether MERS was a valid beneficiary, whether the loan is in default, and whether the loan was rendered unsecured due to a splitting of the note and deed of trust.

Defendants moved to dismiss and Judge Hernandez granted the motion, concluding plaintiff failed to state a claim for relief. (# 50.) The case was then reassigned to me. Plaintiff filed an amended complaint and defendants again moved to dismiss.

During several in-person hearings, I learned plaintiff did not dispute signing the note or the deed of trust. Plaintiff admitted to not making payments. I ordered defendants to provide a complete chain of title for the note and the deed of trust. I also instructed plaintiff she would have to begin making monthly payments. I ordered defendants to provide a single point of contact for plaintiff to speak with regarding questions about the loan or a potential loan modification.

After receiving the information, plaintiff continued to dispute that any defendant held the note at issue. At the April 10, 2013 status conference, I noted that I was inclined to grant defendants' motions to dismiss as plaintiff failed to state a viable claim for relief. I noted that prior to ruling on the motions, I would review the second amended complaint (# 77) plaintiff filed the day before the status conference. Finally, I again urged plaintiff to enter discussions with Wells Fargo Bank, N.A. and Select Portfolio Servicing, Inc.

## STANDARDS

On a motion to dismiss, the court reviews the sufficiency of the complaint. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). This review is generally limited to the allegations in the complaint, exhibits attached to the complaint, and judicially noticeable materials. Swartz v. KPMG LLP, 476 F.3d 756, 763 (9th Cir. 2007). To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain sufficient facts that "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). This plausibility standard requires the pleader to present facts that demonstrate "more than a sheer possibility" that defendant is liable for the alleged misconduct. Id. If the well-pleaded factual allegations plausibly give rise to the relief sought, a court shall deny the motion to dismiss. Iqbal, 129 S.Ct. at 1950.

3   - ORDER

**DISCUSSION**

**I. Judicial Notice**

Federal Rule of Evidence 201 states that a court may take judicial notice of a fact outside the pleadings if the fact is "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." <u>Lee v. City of Los Angeles</u>, 250 F.3d 668, 689 (9th Cir. 2001), <u>impliedly overruled on other grounds as discussed in Gallardo v. Dicarlo</u>, 203 F.Supp.2d 1160, 1162 n.2 (C.D. Cal. 2002). Defendants request the court take judicial notice of the deed of trust at issue. The deed of trust is recorded in the county land records and, as noted, plaintiff admits signing the deed of trust. Defendants' request for judicial notice is GRANTED.

**II. Motion to Dismiss**

Plaintiff's quiet title claim fails. Plaintiff admits signing the note and deed of trust and admits to not making payments. Plaintiff's quiet title claim therefore necessarily fails to state a claim. On a related note, although plaintiff admits not making payments on the note, she argues her loan is not actually in default. Plaintiff argues that under the terms of the PSA, the loan servicer must itself make any payments (to the certificate holders) that plaintiff fails to make. Plaintiff's argument ignores the express language of the note she admits signing. In the section titled "Default," the note states, "If I

4  - ORDER

do not pay the full amount of each monthly payment on the date it is due, I will be in default." (April 8, 2013 Edwards Decl., Ex. 2, p. 5.)

Plaintiff's claim for wrongful foreclosure also fails to state a claim. Defendants note that there are no pending foreclosure proceedings (judicial or non-judicial) against plaintiff. As I recognized in a previous foreclosure case, no Oregon court has yet to acknowledge a claim for wrongful attempted foreclosure. See Durham v. Bank of New York Mellon, 1:12-cv-273-PA, 2012 WL 2529188 at *2(D. Or. June 28) (listing cases). As there are currently no pending foreclosure proceedings, and because Oregon law does not allow claims for wrongful attempted foreclosure, plaintiff's wrongful foreclosure is dismissed.

Plaintiff's related claims for fraud and declaratory relief also fail to state a claim. Plaintiff claims that for a variety of reasons, defendants are not authorized to accept any payments on plaintiff's note. Plaintiff claims there were flaws in the securitization process and with MERS's involvement which rendered the note unsecured. Plaintiff argues it will be impossible to determine if anyone validly holds the loan at issue. I have reviewed defendants' chain of title submissions. It is clear plaintiff still disputes the authority of Select Portfolio Servicing, Inc. to act as loan servicer for Wells Fargo Bank,

5 - ORDER

N.A. (as trustee for the certificate holders).

While plaintiff still disputes who owns the loan at issue, plaintiff will be free, as I have concluded in other foreclosure cases, to make any related arguments during future judicial foreclosure proceedings, should Select Portfolio Servicing, Inc. initiate such proceedings. After all, the plaintiff in judicial foreclosure proceedings must demonstrate it owns the loan (or acts under the authority of someone who does) and that the loan is actually in default.

As I noted in court, I hope the parties will reach some solution to prevent a judicial foreclosure. Plaintiff admits signing the note and deed of trust at issue, and admits she has not made payments in over one year. It is telling that no other party has come forward seeking payment under the note at issue. Although I dismiss plaintiff's complaint, I again urge plaintiff to enter negotiations with Select Portfolio Servicing, Inc.

## CONCLUSION

Defendants' request for judicial notice (# 58) and motions to dismiss (## 54, 59) are GRANTED.

IT IS SO ORDERED.

DATED this __16__ day of April, 2013.

*Owen M. Panner*

OWEN M. PANNER
U.S. DISTRICT JUDGE

6 - ORDER